Lawrence, J.
This is an action for the partition of land in the city of New York, and the complaint discloses the following facts: In 1858, one Patrick Devine, being the owner of the premises in question, conveyed the same to one David Stevenson, who, with his wife, reconveyed the same premises to Margaret Devine, wife of said Patrick Devine, for use during her natural life, and the said deed provided: “And after the decease of the said Margaret Devine, then the said house and lot shall belong and go to the children of said Patrick and Margaret Devine, in equal shares, and the said parties of the first part hereby grant and convey said premises in fee to said children of Patrick and Margaret Devine, subject to the life estate of said Margaret Devine, as above stated."
Margaret Devine, the grantee in said conveyance named, died in 1890. At the date of the conveyance by Stevenson and wife to her, there were five children living, but at the time of her death three of them had died, leaving John C. Devine and Michael J. Devine, defendants in this action, her only surviving children. The children of Patrick and Margaret Devine who died, before the latter all left issue.
The plaintiff, and the children and heirs-at-law of the deceased children of Patrick and Margaret Devine, who are defendants herein, claim to hold the premises described in the complaint as tenants in common with John 0. and Michael J. Devine.
Demurrers to the complaint have been interposed by John 0. and Michael J. Devine, on the ground that no cause of action is stated therein.
These demurrers are not, I think, well taken. A bare inspection of the deed will show that it was the intention of the grantors that the children of Patrick and Margaret Devine, living at the time of its execution, should have a remainder in fee, which vested immediately, subject to the life estate of their mother. The conveyance is to Margaret Devine during her natural life. * * * “ And after the decease of the said Mar *106 garet Devine, then the said house and lot shall belong and go to the children of the said Patrick and Margaret Devine, in equal shares, and the said parties of the first part hereby grant and convey said premises in fee to said children of Patrick and Margaret Devine, subject to the life estate of said Margaret Devine, as above stated."
Language could not more clearly express the intention of the grantors to vest the fee in the children of Patrick and Margaret Devine.
The case differs most essentially from Moore v. Littel, 41 N. Y., 66, the phraseology there used being to the grantee for life, “ and after his decease to his heirs and assigns forever." Here the conveyance vests the fee absolutely in the children, subject to the life estate, and by the provisions of the Revised Statutes there is a vested future estate if at the 'time of the creation of the estate there is a person in being who would have an immediate right to thé possession of the lands upon the ceasing of the intermediate or precedent estate. Sec. 13, 4 R. S., 2432, 8th ed. This estate is descendible, devisable and alienable, in the same manner as estates in possession. Sec. 35, 4 R. S.,2434, 8th ed. I agree with the counsel for the plaintiff that the children of the deceased children of Patrick and Margaret Devine take not as the grandchildren of the latter, but as the heirs of their respective parents, whose estates descended to them under the aforesaid statutory provision.
I am, therefore, of the opinion that the plaintiff is entitled to judgment overruling the demurrers, with leave to the defendants to answer over on payment of costs.